UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR<br>1849 C Street, N.W.<br>Washington, D.C. 20240,<br><br>    Defendant. | Civil Case No. 1:23-cv-01060 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the U.S. Department of the Interior under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. *See* D.C. Code § 29–1102(5). Consistent with Justice

1

Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant U.S. Department of the Interior ("DOI" or the "Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On January 2, 2023, PPT submitted a FOIA request (attached as Exhibit A) seeking the following records:

    1. Communications between the following DOI officials and Somah Haaland (including from the email address somah.haaland@gmail.com):

    a) Secretary Deb Haaland
    b) Laura Daniel-Davis
    c) Bryan Newland
    d) Rachael Taylor
    e) Melissa Schwartz
    f) Shantha Ready Alonso
    g) Kate Kelly
    h) Mili Gosar
    i) Tracy Stone-Manning.

7. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and*

*Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The release of these documents is in the public interest because they will help the public understand the nature of official interactions between Somah Haaland and the Department of the Interior. Somah Haaland is the daughter of Secretary of the Interior Deb Haaland. Somah Haaland is also a media adviser for the Pueblo Action Alliance, "a cultural and environmental group in New Mexico" with whom Somah Haaland reportedly traveled to Washington, D.C. "to lobby federal lawmakers to support a moratorium on oil and gas leasing near a historical site in New Mexico." Thomas Catenacci, *Biden Cabinet Member's Daughter Lobbying Congress on Issue Her Mom Has Final Say on: "Conflict of Interest,"* Fox News (Dec. 20, 2022), https://www.foxnews.com/politics/biden-cabinet-members-daughter-lobbying-congress-issue-her-mom-final-say-conflict-interest. The Department manages federal lands, including overseeing oil and gas leasing thereon, near the historical site at issue and is reportedly considering a final rule that would withdraw 351,500 acres of public land. *Id*. Thus, there is a strong public interest in understanding any relationship between the Secretary's daughter and senior Department officials.

9. On January 2, 2023, the Department acknowledged receipt of Plaintiff's request and assigned it tracking number DOI-OS-2023-001622.

10. On January 9, 2023, the Department reiterated its acknowledgement and determined that Plaintiff's request for a fee waiver was "not applicable as the request is not billable."

11. On February 3, 2023, Plaintiff reached out to the Department regarding the status of its request.

12. That same day, the Department responded, indicating in part "[w]e are currently waiting for multiple offices to complete their search for potentially responsive records related to your request.  Once they complete their search, we will assign your case to a processor to begin their review."

13. Plaintiff reached out again on March 29, 2023.

14. The Department again responded that same day stating "[w]e are still waiting for offices to complete their search for potentially responsive records related to your request. Once they complete their search, we will assign your case to a processor to begin their review."

15. Plaintiff has not received any further communications from the Department regarding Plaintiff's request.

16. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

17. To date, Plaintiff's request has been pending for over 100 days—well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

18. The Department has not provided an estimate of when it will provide responsive records, let alone the records themselves, has not communicated to Plaintiff the scope of documents it intends to produce and withhold, along with the reasons for such withholding, and has not informed Plaintiff of its ability to appeal any adverse portion of its determination. Accordingly, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

19. Given these facts, it appears that the Department has not and does not intend to meet its statutory obligations to provide the requested records absent litigation.

20. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

21. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

22. PPT properly submitted a request for records within the possession, custody, and control of the Department.

23. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

24. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

25. The Department's failure to provide all non-exempt responsive records violates FOIA.

26. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and an index justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant PPT other such relief as the Court deems just and proper.

Dated: April 17, 2023                    Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
Telephone: 703-574-1654
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*